UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re
FEIGE ZARETSKY

Chapter
Case No.: 8-14-72963-Reg

Debtor

----------------------------------------------------------------X

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU      INDEX 202667/04

HAROLD ZARETSKY,

    Plaintiffs,
  against
FEIGE ZARETSKY
    Defendants

**NOTICE OF REMOVAL**

----------------------------------------------------------------X

## I. NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 155, 157, 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Debtor, FEIGE ZARETZKY hereby give notice that she have removed all claims and causes of action asserted in the action **captioned**

*HAROLD ZARETSKY,*    *V. FEIGE ZARETSKY,* INDEX **No: 202667/04**

("State Court Suits")

    This removal is filed within 90 days of the filing of this bankruptcy case. Removing parties remove these cases pursuant to 28 U.S.C. § 1452(a) and Fed R. Bankr. P. 9027 and L.R. 9027-1 on the grounds set forth below.

    The U.S. District Court for the EASTERN DISTRICT OF NEW YORK and the Bankruptcy Court for the EASTERN DISTRICT OF NEW YORK by reference have jurisdiction over the cases pursuant to 28 U.S.C. §§ 1334 and 157. The removed cases may be core, and some claims may be non-core. To the extent that any claims are non-core, under 28 U.S.C. 157, moving parties consent to the entry of final orders and judgment by the Bankruptcy Court.

The cases do not involve the enforcement of state police powers within meaning of 28 U.S.C. 1452.

The cases involve issues and claims which are related to the bankruptcy of FEIGE ZARETSKY case number

Removal of the State Court Suits is appropriate pursuant to 28 U.S.C. 1452(a), Fed R. Bankr. P. 9027 and Local Bankruptcy Rule 9027.

See Opinion, decision and Order of **HON. NORMAN ST. GEORGE, A.S.C.J** . Dated: April 30, 2010 Index No.: 202667-2004  IDV No.: 2005ID000045   is annexed hereto as **Exhibit "A."**
**WHICH, IN PERTINENT PART, READS AS FOLLOWS**

Motion 027 is an Order to Show Cause filed by the plaintiff with the Court on March 23, 2010, wherein the plaintiff requests the following relief:

> 1) A reevaluation of the parties' equitable distribution arrangement in light of the plaintiffs recently entered money judgment against the defendant.
>
> The plaintiff moves this Court to recalculate his financial obligations to the defendant because the money judgment, now owed from the defendant to the plaintiff, was not finalized when the issue of equitable distribution was decided. The plaintiff attaches several documents to his moving papers. An October 20, 2009, the Appellate Division Second Judicial Department directed that the equitable distribution and other post-trial awards be remitted to the Supreme Court, Nassau County for further proceedings. Accordingly, on January 15, 2010, Hon. Denise L. Sher issued a Second Amended Judgement of Divorce, wherein Hon. Sher modified her previously ordered award of equitable distribution. The money judgment, referenced by the plaintiff, is in the amount of $380,000.00 plus interest of $2,850.00. Said judgment was entered by the Clerk of the Office of the Nassau County Clerk on December 1, 2009. The plaintiff
> asserts that the money judgment confirms that he suffered severe financial losses due to the defendant's actions so significant that it completely changes the equities used to calculate proper equitable distribution between himself and the defendant.
> This Court finds that the plaintiff has failed to demonstrate a sufficient basis for the relief sought. Consequently, the plaintiffs request for a revaluation of the parties' equitable distribution arrangement in light of the plaintiffs recently entered money judgment against the defendant is denied.")

See also exhibit "B" for all three decisions ordered by **HON. NORMAN ST. GEORGE, A.S.C.J** demonstrate claims which are related to the bankruptcy of FEIGE ZARETSKY

## II. STATE COURT PLEADINGS.

The file in the State Court Cases is voluminous and attached hereto is the dockets for the cases. Pleadings can be supplied and filed in paper or digital form as directed by the Bankruptcy Court.

## III. TERMINATION OF STATE COURT PROCEEDINGS

Removals of these actions terminate all proceedings in the State Court Cases, See 28 U.S.C. 1446(d).

Wherefore, this matter is removed to the U.S. Bankruptcy Court for the District of Eastern District of New York

Dated this 6/26/2014,

_Feige Zaretsky_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X

IDV No.: 2005ID000045

HAROLD ZARETSKY

Plaintiff,

-against-

Index No: 202667/04

FEIGE ZARETSKY

Defendants
-----------------------------------------------------------------X

To:   Clerk of the Court and Parties herein

You are hereby **notified** that this matter has been **removed to the** United States Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 1452(a).

The Bankruptcy Court Notice of Removal is attached hereto and incorporated herein in its entirety.

GOLDMAN & MAURER, LLP
475 Northern Blvd., Suite 24
Great Neck, NY 11021

DATED: 6/26, 2014

Feige Zaretsky