CLERK
U S BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2014 AUG 29 A 9:23

RECEIVED

August 28th, 2014

Dear Honorable Robert E. Grossman,

    I received a copy of the attached letter, from Feige Zaretsy, requesting more time. I am also Jewish. However, it is not a necessity to me or any other Jewish person to postpone a court date. This is one of many excuses that have been used to prolong this case. This is getting to be very drawn out. I would truly appreciate it if you would deny her request, as it is unnecessary. Thank you in advance for your assistance. I hope that we can have this situation finalized very soon.


Respectfully,

Elliot Zaretsky
42 Executive Blvd
Farmingdale, NY 11735
631-752-0521
Fax: 631-752-0689

CLERK
U S BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2014 AUG 29  A 9: 23

RECEIVED

Feige Zaretsky
c/o 1909 New York Avenue
Brooklyn, NY 11210
347-254-3532

August 25, 2014

BY HAND DELIVERY
Hon. Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

RE: Chapter 13: 14-72963-reg;  14-08187-reg

Your honor,

There are currently two motions pending in the above referenced cases, a motion to dismiss my chapter 13 recently filed by the Trustee noticed for Sep. 4, and a motion to remand filed by opposing counsel Ms Maurer noticed for Sep. 8. For the reasons explained below I wish to request an extension of time to file my oppositions until Oct 6. While there was an additional motion filed by creditor "Honda CRV" seeking relief from the stay and due Oct 5, I expect that motion to be withdrawn soon by opposing counsel as I am returning the car back to Honda this week as my lease is up.

I wrote to the Trustee Mr. Macco on Aug. 18 asking to consent for more time, explaining my reasons in my letter as detailed below. Yesterday I received his response that is not consenting to my request, while he seemingly misunderstood my position. I also sent both an email and a fax to opposing counsel Ms. Maurer on Aug. 21 requesting consent for more time to answer her motion for remand, as of today I have not received a response from counsel. Notably I have previously consented to opposing counsel Ms.Maurer's request for more time, (I attached both correspondences herewith)

The motion to dismiss by the Trustee is based on ineligibility under 11 U.S.C. §109(e), as I had listed in my schedules certain debts bringing the total debt over the limit. I have since then amended my schedules to delete certain debts that I had inadvertently listed on my original schedules. Thus my total debt is within the eligible limit.

The debts in question are certain state court judgments entered on default; they are currently pending appeals in state appellate court, the judgments and state court appeals action were subsequently stayed by the chapter 7 of my father (case no: 12-74600-reg)

(over)

(continued)
August 25, 2014
Page 2 of 3 pages

who is also a co-debtor on these debts, thereby rendering all these debts wholly unenforceable. Although the judgments still exist and are fixed, they are nonetheless not valid claims or debts for the purpose of 109(e) limits as of the date of my chapter 13 petition, since they were "unenforceable" at that time by virtue of said chapter 7 stay.

I was barred from continuing my state appeals court action, or from getting a stay pending appeals from the state appellate court on these judgments, which would have rendered the judgments unenforceable, because my father's chapter 7 stay had already rendered the judgments unenforceable, staying all state proceedings and enforcements on the judgments, affecting me in the same manner that it affected the claimants of said judgments, thus the debt became unenforceable in state court against myself or my property before my filing of the instant petition.

It is well established law that any debt which is unenforceable against myself and my property on the date of the petition filing is deemed an unenforceable debt, i.e. a debt that the creditor cannot file a valid proof of claim at the time of filing the petition, if it was unenforceable before filing my petition, it is not deemed a debt for purposes of eligibility under §109(e), even though these judgments still exist.

The Supreme Court in *Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)* stated "Congress intended in § 101(5) to incorporate the broadest available definition of "claim," see Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. ----, 110 S.Ct. 2126, 109 L.Ed.2d 588. As used in § 101(5), **"right to payment" and "right to an equitable remedy" mean "nothing more nor less than an enforceable obligation."**

Similarly the Second Circuit in *Chateaugay Corp., In re, 53 F.3d 478 (C.A.2 (N.Y.), 1995)* stated "However broadly "claim" is understood, it is clear that the existence of a valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment, and (2) whether that right arose before the filing of the petition. Looking to the plain language of the Bankruptcy Code, we must ascertain whether a "right to payment" existed at the time of LTV's petition. In Davenport, the Court stated simply that "a 'right to payment' is nothing more nor less than an enforceable obligation...." 495 U.S. at 559, 110 S.Ct. at 2131."

I also noted in my letter to the Trustee that the Second Circuit in *Mazzeo, In re, 131 F.3d 295 (C.A.2 (N.Y.), 1997)* stated **"A claim is not contingent if it has come into existence**

(over)

(continued)
August 25, 2014
Page 3 of 3 pages

**and is capable of being enforced at the time the petition is filed...".** Clearly a debt must be enforceable at the time the petition is filed in order to be valid or non contingent.

The other references in the Trustee's response pertaining to potential appeals in Bankruptcy on my prior petition filings, or that my prior petition filings being ineligible - are irrelevant for this motion, because at the time of my prior petitions the debt was enforceable at the time of the petition, whereas at the time of this filing it was not enforceable, clearly distinguishing this filing from my prior filings.

I have compelling arguments to oppose the motion to dismiss, as well as to oppose the motion to remand, I still need to do more research on both motions, and to formulate and draft my oppositions. Additionally I have a court order to serve and amend my complaint in my federal action in E.D.N.Y. 14-cv-3028-sjf, by Sep 11. Rosh Hashanah and the Jewish High holidays start during the week of September 21, I would be unable to work or prepare during that week.

Due to my handicap being totally deaf from birth, it would be very difficult for me to defend the motions properly in this short time frame, I cannot feasibly manage all of this at the same time. I am dependant on assistance and it takes me much longer to prepare then an ordinary person, an extension until Oct 6 would be most helpful and appreciated to allow me to defend my case. My request is timely; the time to answer either motion is not yet due.

Should the Court grant an enlargement of time on the motions, then I wish to additionally request that the confirmation due on Sep. 4 should also be adjourned together with the motions, as the motion regarding dismissal would first have to be determined.

**Wherefore;** I respectfully request that the court grant me an enlargement of time until Oct 6 to file and serve my oppositions on the motion to dismiss and the motion to remand as well as to adjourn the confirmation hearing on Sep. 4, or until such other time as the Court deems proper and necessary.

Very truly yours,

Feige Zaretsky

cc: Michael J. Macco, Esq., Trustee
    Ellen W. Maurer, Esq.
    All creditors

Feige Zaretsky
10 Chestnut Drive
Plainview, N.Y., 11803
347-254-3532

August 25, 2014

BY HAND DELIVERY

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: 14-cv-3028-sjf

Dear Hon. Judge Feuerstein,

Your honor had issued an order on June 10 that the defendants in the above referenced action be served before Sep 11, or good cause shown for an extension of time, (Attached herewith). I wish to request a short extension of time to be able to properly amend and serve an amended complaint until Oct 6, for the reasons outlined below.

On July 18 certain state court judges - previously named defendants were voluntarily dismissed, an order confirming same was entered on July 22, as such I would have amended the complaint to reflect these changes and serve the remaining defendants timely, however doing so would have barred me from amending again without leave of court as I intended, as further explained.

I am currently in the process of totally amending the complaint on numerous issues. Although I had originally planned to timely file and serve this amendment on the defendants before Sep. 11, my recent filing of a Chapter 13 petition in EDNY together with an adversary proceeding, has made this nearly impossible. In that bankruptcy action I have also been hit with several motions currently due before Sep. 11. I also must meet certain deadlines of drafting and filing multiple other documents in my Chapter 13 before the end of August. All of this has taken away my focus and critical time from finishing and serving my amended complaint in this action.

During the week of Sep 21 I am unable to work or prepare due to the Jewish high holidays of Sep and Oct. starting that week with Rosh Hashanah, having to prepare for the holidays and observe Rosh Hashanah. I also filed today a request with the

(over)

(continued)
August 25, 2014
Page 2 of 2 pages

Bankruptcy Court seeking an extension, however I do not know if I will be given one.

Due to my handicap being totally deaf from birth, I am dependant on assistance and it takes me much longer to prepare then an ordinary person, I cannot feasibly manage all of this in such a short time frame. An extension until Oct 6 would be most helpful and appreciated.

**Wherefore:** A brief extension of time until Oct 6. would be most helpful, to allow me enough time to amend file and serve an amended complaint or to gain an extension of time in Bankruptcy Court to be able to first finish amending and serving my complaint in this action.

Very truly yours,

*Feige Zaretsky*

cc: all defendants

FEIGE ZARETSKY,
1909 New York AVE
BROOKLYN NY 11210

NEW YORK NY 100
26 AUG 14

Maxi-aids
42 executive blvd
Farmingdle ny 11375

11735471042