UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x        Case No.: 8:14-72963 (REG)
In Re:                                                                      Chapter 13
FEIGE ZARETSKY

                                    Debtor.
-------------------------------------------------------x
HAROLD ZARETSKY,

                                             Plaintiff.        Adv. Pro. No.: 8:14-08187 (REG)

            -against-

FEIGE ZARETSKY,
                                            Defendant.
-------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION

## TO WITHDRAW THE REFERENCE FROM THE BANKRUPTCY COURT

Defendant Feige Zaretsky ("Defendant") hereby moves, pursuant to 28 U.S.C. § 157(d),

Federal Rule of Bankruptcy Procedure 5011, and Local Bankruptcy Rule 5011-1, to withdraw

the reference of this adversary proceeding from the Bankruptcy Court for the Eastern District of

New York and to stay all proceedings in the Bankruptcy Court pending the determination of this

motion.

The motion should be granted because all of the relevant factors identified by the

Second Circuit in *In re Orion Pictures Corp.,* 4 F.3d 1095 (2d Cir. 1993), weigh in its favor.

First, this entails non-core claims *Stern v. Marshall, 131 S. Ct. 2594 (2011) ("Stern"),* the claims

are also related to other proceedings in this District Court. See *Development Specialists, Inc. v.*

*Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457 (S.D.N.Y.2011)* discussing *Orion* in wake

of the *Stern* ruling, and holding that where no significant proceedings and discovery have taken

place, withdrawal should happen.  Second, withdrawal of the reference would conserve judicial

resources and prevent needless delay and duplicative litigation since the claims must be tried by a jury.

No proceedings have taken place in this adversary proceeding let alone significant proceedings, while only private rights are implicated in this adversary proceeding. See *Development Specialists, Inc., v. Akin Gump Strauss Hauer & Feld LLP, No. 11-cv-5994, 2011 WL 5244463 (S.D.N.Y. Nov. 2, 2011).*

The remaining *Orion* factors are not implicated by this proceeding. The plaintiffs sued tortious interference and breach of contract, damages and attorney's fees; none of these claims implicates the specialized expertise of the Bankruptcy Court. The parties' years of litigation in the Bankruptcy Court demonstrate that this motion has nothing to do with forum shopping. This motion should, therefore, be granted.

### PRELIMINARY STATEMENT

Defendant is entitled to, and will (as set forth in the Declaration in Support of the Motion filed concurrently herewith), request a jury trial in the event this adversary proceeding proceeds to trial. Pursuant to the provisions of 28 U.S.C. § 157, the Bankruptcy Court may only conduct a jury trial "if specifically designated to exercise such jurisdiction by the district *and* with the *express consent of the parties*" 28 U.S.C. § 157(e)(emphasis added). Defendant does not consent to a jury trial in the Bankruptcy Court and therefore the reference with respect to the instant adversary proceeding must be withdrawn.

Additionally, this action involves multiple claims and counter claims of tortious interference, which the Bankruptcy Court has no jurisdiction to adjudicate and issue final orders, the claims also involve non Bankruptcy common law as well as state law. The underlying issues in this action is also related to other proceedings alreading pending in this District Court.

Pursuant to the provisions of 28 U.S.C. § 157 the reference with respect to the instant adversary proceeding must be withdrawn.

Defendant requests that all proceedings in the Bankruptcy Court be stayed until such time as the instant motion has been decided, to avoid unnecessary delay, and duplicative litigation.

**ARGUMENT**

The District Court may withdraw this adversary proceeding "in whole or in part... for cause shown." 28 U.S.C. § 157(d). In this instance, the Bankruptcy Court has resolved all issues that were properly before it, and the parties must now prepare for trial of plaintiffs' remaining claim against State Bank. Since the parties are entitled to a jury trial, which cannot be provided by the Bankruptcy Court, all the factors weigh in favor of withdrawing the reference in this non-core proceeding.

As the Second Circuit stated in *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993): "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." 4 F.3d at 1101. Once the District Court decides whether the dispute is core, "it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.*', *see also In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) (same). Here, *all* relevant factors weigh heavily in favor of withdrawal of the reference.

**I.    THIS IS A NON-CORE PROCEEDING**

The parties agree that the above-captioned matter is a non-core proceeding, and in any event involves *Stern* claims. Core proceedings are "those that are unique to or uniquely

3

affected by the bankruptcy proceedings, or directly affect a core bankruptcy function." *McCord*

v. *Papantoniou,* 316 B.R. 113,119 (E.D.N.Y. 2004) (internal quotations omitted). As the court

stated in *McCord,* a "matter is a core proceeding if it invokes a substantive right provided by the

Bankruptcy Code or if it could only arise in the context of a bankruptcy case." *Id.*; *see also In re*

*Burger Boys, Inc.,* 183 B.R. 682, 685 (S.D.N.Y.1994) ("A core proceeding is generally defined

as a matter which would have no existence outside of the bankruptcy case."). Since this

adversary proceeding involves common and state law claims for breach and tortious interference,

with counter claims also involving other non Bankruptcy federal law, this proceeding clearly

could have arisen outside the context of the bankruptcy case.

## II.    WITHDRAWING THE REFERENCE WOULD EXPEDITE THE PROCEEDING

The Bankruptcy has not began any proceedings in this case, the Court closed the

case unresolved without discovery and a trial, there will not be any further proceedings before

the Bankruptcy Court.

The action also relates to and involves underlying issues which are litigated in

other proceedings in this District, this involves Federal and common non Bankruptcy law. A trial

in this action is beyond the power of the Bankruptcy Court. Accordingly, withdrawal of the

reference would not just be expeditious but is necessary for this litigation to proceed towards

resolution. *See In re Blue Point Carpet, Inc.,* 86 B.R. 329, 330 (E.D.N.Y. 1988) ("In a non-core

case, the [Bankruptcy] Court cannot hold a jury trial. Accordingly, withdrawal of the reference

by the District Court appears likely.") (citation omitted); *In re Luis Elec. Contracting Corp.,* 100

B.R. 155, 156 (E.D.N.Y. 1989) ("Where defendants have a right to a trial by jury, withdrawal of

[the] reference promotes judicial economy.").

Defendant has a Seventh Amendment right to a jury trial. *See* <u>Langenkamp v. Culp</u>, 498 U.S. 42, 44-5 (1990); *see also* <u>Granfinciera, S.A. v. Nordberg</u>, 492 U.S. 33, 46-9 (1989). The Bankruptcy Court is authorized to conduct a jury trial only "if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties.*" 28 U.S.C. § 157(e) (emphasis added); *see also* <u>Rickel & Assocs., Inc. v. Smith (In re Ricket & Assocs., Inc.)</u>, 2003 WL 23021972 at *3 (Bankr. S.D.N.Y. Dec. 24, 2003) (in the absence of express consent from all the parties, the Bankruptcy Court may not conduct a jury trial). Accordingly, defendant's motion to withdraw the reference should be granted.

## III.   TO PRESERVE JUDICIAL RESOURCES, DEFENDANT'S REQUEST TO STAY PROCEEDINGS SHOULD BE GRANTED.

In an effort to preserve judicial resources, Defendant respectfully submits that all proceedings in the Bankruptcy Court be stayed until the instant motion has been determined, in accordance with Rule 5011 of the Federal Rules of Bankruptcy Procedure.

Additionally, defendant has other proceedings involving the same parties which overlap and involve some of the underlying issues in this action. To proceed in this action in Bankruptcy Court, would be a duplicate effort, and could result in inconsistent or conflicting orders, and may result in irreparable harm, while the appeal and other action is pending. Accordingly, principles of judicial economy dictate that all further proceedings should be similarly conducted under the supervision of the District Court.

*See* <u>Gumport v. Growth Fin. Corp. (In re Transcon Lines)</u>, 121 B.R. 837, 838 (Bankr. C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this

5

litigation.") Accordingly, a stay of all further proceedings in the Bankruptcy Court until this motion has been heard and determined is appropriate and should be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the reference to the Bankruptcy Court be withdrawn in this adversary proceeding and that all proceedings in this adversary proceeding be stayed, pending the hearing and determination of this motion.

Dated:    Novemeber 28, 2014
      PLAINVIEW, NEW YORK

S/_____
        FEIGE ZARETSKY
        Defendant Pro Se
        10 Chestnut Drive
        Plainview, NY, 11803
        347-254-3532