03/30/2015
ADV PPO 8-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x    Case No.: 8:14-72963 (REG)
In Re:                                                         Chapter 13
FEIGE ZARETSKY

                            Debtor.
-------------------------------------------------------- x
HAROLD ZARETSKY,

                              Plaintiff.    Adv. Pro. No.: 8:14-08187 (REG)

    -against-

FEIGE ZARETSKY,

                              Defendant.
-------------------------------------------------------- x

## DEFENDANT'S DECLARATION IN OPPOSITION

## TO MOTION TO REMAND

Feige Zaretsky, declares and states, as follows:

1.     I am the Defendant in the above-captioned adversary proceeding (the "Adversary Proceeding") and make this Declaration in opposition to the plaintiffs motion for an order remanding the removed Adversary Proceeding. Plaintiff lists a number of reasons for the relief I will briefly address each of them, while I will only address the most relevant or important issues.

2.     This Court previously dismissed my main chapter 13 petition, this is now pending appeal in the District Court. There is also a motion to withdraw the reference pending in the District Court.

3.     Plaintiffs motion is defective on the ground that it seeks a remand on non jurisdictional grounds, such a motion must be made timely and within 30 days of the removal, while the motion raises an issue allegedly resulting from the dismissal of my main chapter 13, this does not change the fact, as a remand on any ground other than subject matter jurisdiction must be raised timely for a remand order to be issued, unlike a general dismissal without a remand, see *Orange County Water Dist. v. Unocal Corp.*, 584 F.3d 43, 50 (2nd Cir., 2009), see

also *Mitskovski v. Buffalo, Ft Erie, Bridge Auth, 435 F.3d 127,131 (Fed. 2nd Cir., 2006)*, see also *Shapiro v. Logistec Usa, Inc., 412 F.3d ,307, 310-312 (Fed. 2nd Cir., 2005)*, see also In re *Methyl Tertiary Butyl Ether, 522 F.Supp.2d 557 (S.D.N.Y., 2007)* for a discussion and cases on this issue.

4. There is also no relation back, as no prior motion for any ground other than for an alleged jurisdictional ground was ever made.

5. There is no jurisdictional issue, although plaintiff attempts to allege that the case did not arise under the constitutional and US laws, it has been held that the domestic relation exception is not necessarily one of subject matter jurisdiction but rather an issue of diversity jurisdiction see *Williams* below, and in any event this removed proceeding is not to establish, issue or change any matrimonial issues, rather it is strictly about a tort and interference or enforcement issue on a prior completed matrimonial case, and unlike plaintiff alleges that this was not a completed matrimonial case, the decree had been issued with nothing left to be completed.

6. see *Williams v. Lambert, 46 F.3d 1275, 1283 (2nd Cir., 1995)*, see also *Shapiro v. Logistec Usa, Inc., 412 F.3d 307, 311 (Fed. 2nd Cir., 2005)*, see also *Allam v. Meyers 09 Civ. 10580 (KMW) (S.D.N.Y., 2011) February 24, 2011, at 5-6*, see also *McArthur v. Bell, 788 F.Supp. 706, 708 (E.D.N.Y., 1992)*, see also *Fernandez v. Turetsky 12-cv-4092 (SLT) (MDG), (E.D.N.Y., 2014), November 5,2014 at 5-6*.

7. It is very clear from the motions and all the underlying papers that there is absolutely no issues of domestic relations, requiring a new decree, altering a decree or issue child support or alimony changes or toehrwise in any shape or fashion, this plaintiff brought strictly to enforce the existing and completed decree.

8.      Plaintiff took the position that since a dismissal is proper or may have been granted, therefor it must either be an automatic remand, or a remand must folow, however, this does not flow for several reasons.

9.      Since a dismissal or even a remand is based on the dismissal of the main chapter 13 case, that case is now pending appeal in the district court, and in order to issue any orders on the adversary proceeding, that main case must be revisited to open and amend the dismissal, this can only be done by the district court where the case is pending.  See *Porges v. Gruntal & Co, Inc. (In re Porges), 44 F.3d 159, 162 (2d Cir. 1995),* while plaintiff cites this case, he failed to cite that on the same page the second circuit clearly stated that in the event an order of dismissal did not address the related adversary proceeding, than the only way to do so would be by reopening the main case and amend the dismissal, this cannot be done in this Court.

10.     In *Porges* the court had actually expressly retained jurisdiction in the main dismissal to issue orders which is required see at 162.

11.     Plaintiff claims that this case has no relation to the dismissed chapter 13 now on appeal, however one of the reasons for my filing chapter 13 was to reorganize and protect myself from my financial troubles, of which this case is also part, my house and the mortgage are all part and parcel of the chapter 13 and will discussed in my appeal brief, unless my pending Rico action will resolve the appeals issues, a likely possibility.

12.     Similarly, the issues are all intertwined with my pending Rico and are therefore properly pending the motion to withdraw the reference to the same Court where my other action is currently pending, all these issues are best for the district Court to decide as the issues are pending there currently in addition to my appeal.

13.     Plaintiff argues that a dismissal may be enough or cause for remand, however this would create a new legal principle allowing any party wishing to move for a remand after the 30

day limit has passed, by simply having the case dismissed, this is against common sense, in addition to the other arguments.

14. Plaintiff is also not without remedy, as he may move in the district court which has the chapter 13 dismissal pending before it.

15. Plaintiff's reference to the Alabama case stating that a bankruptcy dismissal would not be on the merits, even if so, it has no bearing here, because a remand is still necessary, and the issues may also be heard in the District Court, where the motion to withdraw the reference is pending, and plaintiff is not prejudiced by the dismissal, while in actuality, defendant would be prejudiced as the issues are intertwined with both my appeal and the Rico action in the same District Court and before the same Judge, remanding would cause more piecemeal litigation.

16. The adversary proceeding entails claims and counter claims of enforcement, tort, tortious interference, breach of contract and an attempt to enforce other judgments (the "Claims"), which is also the subject of another Rico action in this Court 14-cv-3028 as well as appeals in the District Court.

**Wherefore**: I pray that the Hon. Court deny plaintiffs motion in its entirety, or to refer the motion to the District Court where the case is pending.

Plainview, New York March 24, 2015

Defendant Pro Se
10 Chestnut Drive
Plainview, NY, 11803
347-254-3532

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
In Re:
FEIGE ZARETSKY

                       Debtor.
--------------------------------------------------x
HAROLD ZARETSKY,

                              Plaintiff.

    -against-

FEIGE ZARETSKY,

                              Defendant.
----------------------------------------------------------x

Case No.: 8:14-72963 (REG)
Chapter 13

Adv. Pro. No.: 8:14-08187 (REG)

**CERTIFICATE OF SERVICE**

### CERTIFICATE OF SERVICE

The undersigned Aaron Berlin, being duly affirmed deposes and states under penalties of perjury as follows: that on March 24, 2015 A copy of the annexed papers **DEFENDANT'S DECLARATION IN OPPOSITION TO MOTION TO REMAND** by depositing same, enclosed In a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon

The Clerk of the United States Bankruptcy Court,
290 Federal Plaza, P.O. Box 9013,
Central Islip, New York, 11722

Office of the United States Trustee,
290 Federal Plaza,
Central Islip, New York, 11722

Brian J. Hufnagel
The Omni
333 Earle Ovington Blvd, Suite 1010
Uniondale, New York 11553

Dated: Brooklyn, NY
March 24, 2015

                                            AARON BERLIN