UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    For Online Publication Only
------------------------------------------------------------X
In re:

FEIGE ZARETSKY,

                        Debtor.                                **ORDER**
                                                               14-mc-1578 (JMA)

------------------------------------------------------------X
HAROLD ZARETSKY,                                               Bankruptcy Case No.
                                                               14-72963 (REG)
                        Plaintiff,                             Adv. Pro. No.
                                                               14-8187 (REG)
                -against-


FEIGE ZARETSKY,

                        Defendant.
------------------------------------------------------------X

**AZRACK, United States District Judge:**

    *Pro se* Defendant Feige Zaretsky requests that this Court withdraw the reference to the Bankruptcy Court for this proceeding.  Defendant's request is denied.

    A "district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] on its own motion or on a timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

    In determining whether "cause" exists, courts have looked to the factors identified by the Second Circuit in In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).  Specifically, courts examine:

> (1) whether the claim [or proceeding] is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

In re Lehman Bros. Holdings Inc., 480 B.R. 179, 188 (S.D.N.Y. 2012) (quoting Kirschner v. Agoglia, 476

B.R. 75, 83 (S.D.N.Y. 2012)).  After the Supreme Court's decision in <u>Stern v. Marshall</u>, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), courts have reformulated the first <u>Orion</u> factor to be "whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue." <u>Lehman Bros.</u>, 480 B.R. at 188.

The parties dispute, among other things, the application of the first <u>Orion</u> factor and the question of whether defendant has a right to jury trial on the claims in this proceeding.  Although it seems doubtful that defendant has such a right, the Court does not need to resolve that issue at present because the other factors weigh in favor of denying defendant's request to withdraw the reference.  Even if defendant is entitled to a jury trial on the claims in this proceeding, the Court would not withdraw the reference until those claims were ready for trial.  <u>See</u> <u>Lehman Bros.</u>, 480 B.R. at 197; <u>In re Arbco Capital Mgmt., LLP</u>, 479 B.R. 254, 267–268 (S.D.N.Y. 2012).  Accordingly, defendant's motion to withdraw the reference is denied without prejudice to a renewed motion to withdraw when the case is ready for trial.

In light of the above, the Court does not reach the question of whether defendant's request to withdraw the reference was untimely or whether any such application in the future would be untimely.

Earlier today, defendant filed a motion for a preliminary injunction and temporary restraining order.  (ECF No. 18.)  That motion is denied as moot.  Defendant is directed to re-file the motion in Adversary Proceeding No. 14-8187 (REG) in the Bankruptcy Court.

The Clerk of Court is directed to mail a copy of this Order to defendant.

**SO ORDERED.**

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

Date:  August 6, 2015
       Central Islip, New York