**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

HAROLD ZARETSKY,                                    No. 14-08187 (REG)

                         Plaintiff.

            -against-

FEIGE ZARETSKY,

                         Defendant.
--------------------------------------------------------x

## DECLARATION OF FEIGE ZARETSKY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER

Feige Zaretsky, pursuant to 28 U.S.C. §1746 declares as follows:

1.      I am the Defendant in the above-captioned proceeding. I submit this Declaration in support of my motion to declare void the State Court orders in the removed proceeding, and for a preliminary injunction and temporary restraining order restraining and enjoining plaintiff Harold Zaretsky and his counsel from proceeding, or enforcing and executing the State Court orders issued, in the state court removed motion proceeding removed on June 27, 2014 from Nassau County Supreme Court (under Index 202667/04) to the Bankruptcy Court Eastern District of New York, 14-08187 currently pending withdrawal in this action (the "Removed Proceeding").

2.      As set forth in the accompanying memorandum of law submitted in support of this motion, Defendant is entitled to the relief sought herein and has no other adequate remedy at law.

3.      There have been no prior motions submitted by defendant for the relief sought herein.

4.    The purpose of this declaration is to address certain procedural facts and to place before the court testimonial and documentary evidence relevant to this motion.

### State Court Post Judgment Proceedings and Removal

5.    On about April 28, 2014 Plaintiff Harold Zaretsky brought a post judgment proceeding in State Supreme Court Nassau County under Index No. 202667/04 seeking inter alia enforcement of a prior judgment for mortgage and other payments, and for the sale of a joint marital home.

6.    On June 26, 2014 defendant filed Chapter 13 bankruptcy which stayed all other proceedings.

7.    On June 27, 2014 defendant filed a notice of removal for the aforementioned post judgment proceeding to the Bankruptcy Court 14-ap-08187 as related and necessary to the proper administration of defendant's bankruptcy estate and reorganization.

8.    Immediately on the same day defendant served and filed on both the Plaintiff as well as the State Court clerk both the Bankruptcy stay and the notice of removal.

9.    On June 30, 2014 Plaintiff filed in state court a reply in support of his motion despite having been served with both the stay as well as the notice of removal.

10.    Plaintiff together with some other family members filed proof of claims totaling 1.3 million dollars against the estate, and the Trustee filed a motion to dismiss during August of 2014.

11.    On August 4, 2014 Plaintiff filed an untimely motion to remand the removed proceeding.

12.    On September 22, 2014 the Bankruptcy Court dismissed defendants chapter 13

-2-

petition, the court did not retain jurisdiction on the related removed proceeding in the dismissal.

13.    The bankruptcy dismissal and related proceedings are now pending appeal in this court in Case No. 14-cv-6808.

**Post Removal Events**

14.    Between September 16, 2014 and to date, Plaintiff has been proceeding in State Court seeking to litigate his post judgment proceeding.

15.    This Plaintiff did despite having been informed by defendant that the stay was still in effect as the Bankruptcy had not issued an order of dismissal until September 22, 2014, and despite being aware that neither had a remand been issued to date.

16.    Defendant notified both Plaintiff's counsel as well as the State court on numerous occasions that the proceeding cannot continue as Federal law expressly prohibits both the parties as well as the State Court from proceeding unless there is a remand entered and mailed to the State Court.

17.    Defendant in response took a position that the action need not be remanded and he is free to proceed in State Court as the Bankruptcy court had noted on ECF that the proceeding was moot in light of the main petition having been dismissed.

18.    During Late November 2014 defendant filed this instant action seeking to withdraw the removed proceeding from Bankruptcy court to the District court. Plaintiff opposed the motion to withdraw and maintained in his opposition that should the District court withdraw the proceeding from bankruptcy court, it will seek to file a motion to remand back to State Court. This position Plaintiff took despite his maintaining in State Court simultaneously that no remand was necessary and urging the State court to proceed nonetheless.

19.     Sometime later in February of 2015 Plaintiff filed a motion to remand in Bankruptcy court seeking to remand back to State Court, that motion has been adjourned pending proceedings in this court.

20.     Shortly after said remand motion was filed and still pending, plaintiff continued to maintain his contradictory position in State Court that nothing was pending in this or Bankruptcy court, ignoring this action as well as his motion to remand.

21.     Defendant informed this court of plaintiff's actions and of the bad faith dealings of both he and his counsel, nonetheless counsel kept maintaining the same contradictory positions.

22.     Defendant was attending most of the conferences in State Court, not with intent of proceeding in that removed action, but rather in protest, as Plaintiff showed disregard for the law and the truth, and while defendant had no obligation to attend and was indeed prohibited from proceeding, defendant simply appeared to protest and maintain that the State court has no jurisdiction while the removed action is pending in Federal Court.

23.     Under no circumstances did defendant proceed or intend to proceed substantively in State Court on this removed action, except for the aforementioned protest.

24.     Despite Defendants protests and multiple letters filed with the State Court informing that it has no jurisdiction, the state court on the urging of Plaintiff's counsel of their contradictory position issued an order on July 8, 2015, and then modified the order on July 20, 2015.

25.     Since sometime this past June shortly after defendant notified this court of the fraud taking place, Plaintiff together with other family members have been terrorizing Defendant

in multiple ways hinting that soon she will be evicted and left without nothing. This was done by sending messages through our daughter.

26.    Since plaintiff had already alienated our youngest son from defendant, he resorted now to brainwash our daughter and turn her against defendant by bribing her and instilling fear and terror, to the point of making it unbearable. Plaintiff managed to change our daughter and brainwash her so she could be used to terrorize defendant.

27.    Since around early July Plaintiff kept harassing defendant with brokers to sell the house by sending emails, calling and knocking on the door, apart from sending multiple terrorizing messages.

28.    Plaintiff's counsel also began pressuring defendant to comply with demands or else to face eviction, contempt proceedings, and threatening to hit defendant with even more counsel fees.

29.    When Defendant kept notifying Plaintiff's counsel that she is acting in bad faith and against the law, no response would ever come, as if I did not exist.

30.    On July 4, 2015 I received another threat and warning from defendants counsel stating that immediate proceedings will be brought against defendant for contempt and eviction proceedings.

31.    As it stands Defendant has no other remedy to get due process.

August 6, 2015
Brooklyn NY

FEIGE ZARETSKY

Defendant Pro Se
c/o 1909 New York Avenue
Brooklyn, NY, 11210
347-254-3532

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
HAROLD ZARETSKY,

No. ~~14-mc-01578 (JMA)~~

(Rel. ~~14-cv-6808) (JMA)~~

14-08187

                                    Plaintiff.
               -against-

FEIGE ZARETSKY,
                              Defendant.
------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

RECEIVED
2015 AUG -6  P 5: 04
CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

FEIGE ZARETSKY
Defendant/Appellant Pro Se
c/o 1909 New York Avenue
Brooklyn, NY, 11210
Tel: 347-254-3532
Fax: 347-521-2037

# Table of Contents

TABLE OF AUTHORITIES ......................................................................................... 3

PRELIMINARY STATEMENT ................................................................................... 6

SUMMARY.................................................................................................................. 9

JURISDICTION ........................................................................................................... 9

    ARGUMENT ......................................................................................................... 10

II.  THE STATE COURT ACTIONS ARE NULL AND VOID AB INITIO............................ 10

    NATURE OF RELIEF............................................................................................ 10

    POST REMOVAL JURISDICTION...................................................................... 10

    AUTOMATIC STATUTORY INJUNCTION ........................................................ 13

    THE FRAUD AND MOCKERY............................................................................ 15

II.   PRELIMINARY INJUNCTION AND TEMPORARY RESTARINING ORDER ............. 17

    NATURE OF RELIEF............................................................................................ 17

    STATUTORY INJUNCTION IN AID OF REMOVAL AND JURISDICTION .................... 17

    PLAINTIFFS ARGUMENT OF MOOTNESS ......................................................... 19

    INJUNCTION MUST ISSUE................................................................................. 19

    THE ANTI  INJUNCTION ACT ............................................................................ 23

    STANDARD FOR PRELIMINARY INJUNCTION, BOND.................................. 24

    EXCEPTIONS ....................................................................................................... 24

    STANDARD........................................................................................................... 26

    BOND .................................................................................................................... 29

    OTHER RELIEF.................................................................................................... 29

CONCLUSION............................................................................................................ 30

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Ackerman v. Exxonmobil Corp.*, 734 F.3d 237, 250 (4th Cir., 2013)................................22

*Allen County Bank and Trust Co. v. Valvmatic Intern.*,
51 BR 578, 581 (N.D. Ind., 1985) ........................................................................13

*Allstate Ins. Co. v. Preston*, 842 F.Supp. 1441, 1443 (S.D. Fla., 1992)....................19

*Atlantic Coast Line Railroad Company*
*v. Brotherhood of Locomotive Engineers*,
398 U.S. 281, 295,  90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)................................................23

*Bank of Am. v. Hosang*,
(14-cv-574), June 23, 2015 (M.D. Fla., 2015) at *5 and fn 4 ............................................12

*Commodity Futures Trading Commission*
*v. British American Commodity Options*,
560 F.2d 135, 141 (2nd Cir., 1977) .............................................................16blayl

*Eastman Kodak Co. v. Collins Ink Corp.*,
821 F.Supp.2d 582, 590 (W.D.N.Y.2011) ...........................................................28

*Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2nd Cir., 1971) ...........................................10

*Faiveley Transport Malmo AB v. Wabtec Corp.*,
559 F.3d 110, 116 (2d Cir.2009) ........................................................................25

*Golden Krust Patties, Inc. v. Bullock*,
957 F. Supp. 2d 186, 192-194, (E.D.N.Y., 2013) ................................................25

*In re Blaylock*, 394 B.R. 359 (Bankr. E.D. Pa., 2008) at *fn 13.........................................13

*In re Diet Drugs*, 282 F.3d 220, 2002 WL 276128 (3rd Cir., 2002) at *fn 6 ....................10

*In re Casse v. Key Bank Nat'l Ass'n*, 198 F.3d 327, 336 (2nd Cir., 1998) .........................29

*IN RE EYECARE OF SO. CALIFORNIA*,
258 B.R. 765, 768 (Bankr.C.D.Cal., 2001).........................................................13

*In re Hudson Oil Co., Inc.*, 68 B.R. 735, 737 (D. Kan., 1986) ...........................................13

*In re Pavelich*, 229 B.R. 777, 783(B.A.P. 9th Cir., 1999)....................................................12

*In re Si Yeon Park, Ltd.*, 198 B.R. 956, 966, (Bankr.C.D.Cal., 1996) ................................13

*Kane v. St. Raymond's Roman Catholic Church,*
*14-cv-7028 (S.D.N.Y., July 13, 2015) at \*5,* ....................................................................11

*Kansas Public Employees Retirement System*
*v. Reimer & Koger Associates, Inc.,*
*77 F.3d 1063, 1069 (C.A.8 (Mo.), 1996)* ..........................................................................18

*Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254-55 (11th Cir., 1988)* ................22

*Mitchum v. Foster,*
*8212 27, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) see at \*fn 12* .............12, 22

*Nat Co v. Tugman, 106 U.S. 118, 122,  1 S.Ct. 58, 27 L.Ed. 87 (1882)* ............................10

*N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc.,*
*704 F.Supp.2d 305, 345 (S.D.N.Y.2010)*............................................................................28

*Nasso v. Seagal, 263 F.Supp.2d 596, 609  (E.D.N.Y., 2003)*.............................................11

*Otway v. City of New York, 818 F.Supp. 659, 660 (S.D.N.Y., 1993)*..................................11

*Pacor, Inc. v. Higgins, 743 F.2d 984, 12 BCD 285 (3rd Cir., 1984) at \*fn 8* ....................10

*Realty Corp. v. Jefferys,*
*29 AD3d 858, 815 NYS2d 687, 2006 NY Slip Op 4046 (N.Y. App. Div., 2006)*.................11

*Schrantz v. HSBC Bank USA,*
*(2:11-cv-699) July 5, 2011, at \*8, (D. Nev., 2011)* .............................................................17

*S.E.C. v. Holschuh, 694 F.2d 130, 144 (7th Cir., 1982)*......................................................17

*Securities & Exchange Com'n v. Manor Nursing Ctrs., Inc.,*
*458 F.2d 1082, 1011 (2nd Cir., 1972)* ................................................................................17

*Smith v. R & H Leasing, Inc., 867 F.2d 613 (9th Cir., 1989)*.............................................13

*Yuan v. U.S. Holdings, LLP,*
*10-cv-1251, (August 18, 2011) at \*3, (N.D. N.Y., 2011)* ....................................................11

*U.S. S.E.C. v. Blackwell, 477 F.Supp.2d 891, 910 (S.D. Ohio, 2007)* ...............................17

*Vendetti v. Schuster, 242 F.Supp. 746, 751 (E.D. Pa., 1965)*............................................17

*Vigil v. Mora Indep. Sch.,*
*841 F.Supp.2d 1238, 1240-1241, 281 Ed. Law Rep. 956 (D.N.M., 2012)*.........................10

*Wachowicz v. Martin, 293 N.Y. 361, 57 N.E.2d 53, 57 (N.Y., 1944)*.................................11

*Winter v. Natural Resources Defense Council, Inc.,*
*555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)*................................................24, 25

*Wyly v. Weiss,* *697 F.3d 131, 138 (2nd Cir., 2012)* ...........................................................29

*Zino Davidoff SA v. CVS Corp.,* *571 F.3d 238, 242 (2d Cir.2009)* ...................................25

---

## STATUTES & RULES

11 U.S.C. 105.............................................................................................................5, 28, 29

28 U.S.C. §1334...............................................................................................................12

28 U.S.C. §1446...............................................................................5, 12, 13, 17, 22, 23

28 U.S.C. §1447...............................................................................................................12

28 U.S.C. §1651.........................................................................................................5, 28

28 U.S.C. §1651.......................................................................................................19, 22


F.R.C.P. Rule §65 ......................................................................................................5, 28

F.R.B.P. Rule §9027 ...........................................................5, 8, 12, 13, 17, 21, 23, 24, 25

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
HAROLD ZARETSKY,                                   No. 14-08187 (REG)

Plaintiff.
     -against-

FEIGE ZARETSKY,
              Defendant.
--------------------------------------------------------x


### MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER


Feige Zaretsky, pursuant to 28 U.S.C. §1746 declares as follows:

1.      I am the Defendant in the above-captioned proceeding. I submit this Declaration in support of my motion to declare void the State Court orders in the removed proceeding, and for a preliminary injunction and temporary restraining order restraining and enjoining plaintiff Harold Zaretsky and his counsel from proceeding, or enforcing and executing the State Court orders issued, in the state court removed motion proceeding removed on June 27, 2014 from Nassau County Supreme Court (under Index 202667/04) to the Bankruptcy Court Eastern District of New York, 14-08187 currently pending withdrawal in this action (the "Removed Proceeding").

2.      As set forth in the accompanying memorandum of law submitted in support of this motion, Defendant is entitled to the relief sought herein and has no other adequate remedy at law.

3.      There have been no prior motions submitted by defendant for the relief sought herein.

Defendant had filed for Bankruptcy seeking to reorganize and getting respite from a non-stop 10 year litigation ordeal that has left her with huge debt and left her in shambles from the disastrous victimization caused as a result.

As part of the Bankruptcy defendant sought to protect whatever little she has left, and to be able to remain in her house until 2018 as the State Court had ordered back in 2007, which would allow her to reorganize and rebuild for a future. However, when the Plaintiff and his family had sought the dismissal of the Bankruptcy for a purported defamation, the defendant and his family were rather seeking to continue the victimization and cause defendant to lose her home, to be forced to pay to whatever creditors would be lucky to get from her share of the house if sold soon, and to defraud defendant by causing her to pay not only the mortgage for which she would then have no use of the house but to make the remaining mortgage her liability only, and thereby defrauding other creditors and her share of the assets.

This was also done to then be able to hold defendant hostage and leave her with huge debt that she will never be able to get out of, and to cause her future to be destroyed.

When defendant then removed the post judgment proceeding in which plaintiff sought to accelerate the selling of the house three years ahead of the originally scheduled time, after he managed to tip the equities in his favor by alienating the youngest child, defendant had no choice but to remove the proceeding to avoid a premature sale, and allow defendant to reorganize without being totally destroyed financially and otherwise.

The removed proceeding since it entails a dispute over both mortgage obligations and liabilities, as well as selling the house prematurely, and with Plaintiffs ultimate purpose to let the larger defamation claims surface and hold defendant hostage through it,

should the removed proceeding be litigated separately and without all other issues and claims, it would cause defendant's situation to be irreparably harmed, unable to reorganize, with living circumstances being totally changed destroying defendants financial future and subjecting defendant to unbearable stress and anguish.

Plaintiff and his family members seemingly unhappy that defendant would be able to reorganize, and instead started crying wolf, that the defendant is causing the house to be foreclosed, while this was nothing but a joke, because the Bankruptcy administration would have allowed for the gradual repayment of the mortgage arrears and to protect everyone's interest. Thus, Plaintiff decided at every cost to make sure that defendant would not be able to reorganize in a Chapter 13, nor get a discharge in a Chapter 7, in the same manner as defendants father did not get same on the purported defamation claims.

Hence, plaintiff resorted to proceed in the State Case and thereby causing this inequitable situation. Plaintiff's counsel who hails herself as a Bankruptcy practitioner, and Plaintiffs other counsel who is primarily a Bankruptcy practitioner, were both aware that the statues forbid the parties from proceeding in State court, and that the court was without jurisdiction, however they did not care, as long as they could cause the State Court to act to the detriment of Defendant, knowing that defendant would be unable to act thereupon due to the inherent removal stay.

Defendant remains without any remedy as will be explained in the below, that due to the parties statutorily forbidden from proceeding, defendant cannot appeal, nor act in any way in State Court, and must resort to this court for the drastic relief sought herein.

## SUMMARY

The State Court actions in the removed proceeding without jurisdiction absent a remand order is void ab initio, this court may declare the State proceeding post-removal as such. Plaintiff and his counsel having urged the State Court to act, while knowing the court has no jurisdiction and violating the 9027 stay acted maliciously and in bad faith to harm defendant while not informing this court but instead awaiting a determination on the motion to withdraw, and also seeking a remand in Bankruptcy court, warranting the instant motion for having both made a mockery of the court and causing imminent irreparable harm for defendant.

## JURISDICTION

This court has original jurisdiction over Bankruptcy matters and has exclusive jurisdiction on this matter as having the main Bankruptcy case on appeal in this court. The Bankruptcy court in dismissing the main case had to retain jurisdiction on the removed related case in order to hold substantive rulings like remand proceeding involving merits and substantive issues, (see reply memorandum  ECF # 15, for cited case law). This court having jurisdiction is the only court that may issue process and orders on both the main and the related case absent a remand to the Bankruptcy court of the main case.

As set forth below, in a removed proceeding the Federal courts have exclusive jurisdiction over the proceeding unless a remand occurs. As such, this court may issue any orders required in aid of its jurisdiction.

9

# ARGUMENT

## II. THE STATE COURT ACTIONS ARE NULL AND VOID AB INITIO

### NATURE OF RELIEF

Defendant seeks an order declaring that the State court orders issued since the removal took place are null and void, and that defendant or his counsel may not act upon these orders, specifically this relates to the orders issued on September 16, 2014, July 8, 2015 and July 20, 2015.

Although these orders are void ab initio automatically, defendant fears that without a declaration, the plaintiff or his counsel may attempt to execute and enforce them.

This declarative order is necessary to avoid future harm, should plaintiff decide to illegally enforce or execute the orders, and to avoid prejudice to defendant who is without remedy to act on these orders, cannot appeal or move to vacate.

Most importantly, declaring the orders null and void may potentially be enough and avoid the need for a stay or injunction, as defendant will most likely not be able to act upon the orders, while it will also serve judicial economy avoiding the need for a preliminary injunction proceeding.

### POST REMOVAL JURISDICTION

After defendant filed with the state court clerk a copy of the notice of removal and also gave the State Court judge a copy, the state court lost jurisdiction to act any further, and had to halt all proceedings unless the state court receives a certified remand order.

`Even if there is potential that the case may be eventually be remanded, and even though a remand motion was or is pending.

It also does not matter that the court believed it should be remanded, as long as the Federal court had not remanded, the State Court had no jurisdiction, and all actions are deemed *coram non judice*, this has been held by the Supreme Court in *Nat Co v. Tugman, 106 U.S. 118, 122, 1 S.Ct. 58, 27 L.Ed. 87 (1882).*

The court in *Vigil v. Mora Indep. Sch., 841 F.Supp.2d 1238, 1240-1241, 281 Ed. Law Rep. 956 (D.N.M., 2012)* cites the above case as well as the Eleventh and First circuits that the State Court actions are void ab initio and that the Federal Court may stay the State proceedings, although it is already stayed automatically under the removal statute.

Similarly the Third Circuit *In re Diet Drugs, 282 F.3d 220, 2002 WL 276128 (3rd Cir., 2002) at \*fn 6,* cites the Ninth circuit that even if the proceeding will be later remanded to the state court, all proceedings prior to remand are void as *coram non judice* and must still be vacated. See also *Pacor, Inc. v. Higgins, 743 F.2d 984, 12 BCD 285 (3rd Cir., 1984) at \*fn 8,* citing other circuits that even when removal is improper the orders are void and without jurisdiction.

In a case cited often the Second Circuit in United States ex rel. *Echevarria v. Silberglitt, 441 F.2d 225, 227 (2nd Cir., 1971)* held that a State Court having constructive knowledge of the removal acts in contravention of the removal and without jurisdiction absent a remand, and that the removal petitioner may rely on his or her removal until the case was properly remanded, irrespective of whether the proceeding is removable or not.

This has been cited by almost every circuit that all proceedings post removal are void ab initio.

Similarly, in *Nasso v. Seagal, 263 F.Supp.2d 596, 609 (E.D.N.Y., 2003)* the court held that any further action in the state court after removal is void. This has been the general rule in the Federal courts through the years, in the same way as the courts would hold any action of the State Court void ab initio if it had acted in violation of a Bankruptcy Stay.

In a recent case *Kane v. St. Raymond's Roman Catholic Church 14-cv-7028 (S.D.N.Y., July 13, 2015) at \*5,* the court similarly cited prior case law in this circuit on the same principle that the State Court actions post removal were void, this was even while it had a motion to remand pending.

The state court's actions after removal are void and a party's filings a nullity, see *Yuan v. U.S. Holdings, LLP, 10-cv-1251, (August 18, 2011) at \*3, (N.D. N.Y., 2011).* While the state court's jurisdiction can only be restored with an order of remand , *Otway v. City of New York, 818 F.Supp. 659, 660 (S.D.N.Y., 1993).*

Additionally, under New York Law a court acting without authority or jurisdiction, its orders and proceedings are a mere nullity and automatically void, *Wachowicz v. Martin, 293 N.Y. 361, 57 N.E.2d 53, 57 (N.Y., 1944).*

Similarly, a party has no duty to comply with any orders of the State Court when that court had no jurisdiction, *Gloveman Realty Corp. v. Jefferys, 29 AD3d 858, 815 NYS2d 687, 2006 NY Slip Op 4046 (N.Y. App. Div., 2006).*

The Ninth circuit citing from the Third circuit held that in vacating void State Court judgments does not intrude upon federal-state interests, being that such act is a mere formality, *In re Pavelich, 229 B.R. 777, 783(B.A.P. 9th Cir., 1999).*

In a recent case the District Court in *Bank of Am. v. Hosang 14-cv-574, June 23, 2015 (M.D. Fla., 2015) at \*5 and fn 4,* the court in remanding the removed proceeding did so on the proviso that all prior orders were void ab initio.

## AUTOMATIC STATUTORY INJUNCTION

28 U.S.C. §1446(d) states that the State Court must not act unless a remand order issues, while 28 U.S.C. §1447(d) states that a remand must be received by the State Court. While this is an automatic stay, (see reply - motion to withdraw, ECF #15), the federal removal statutes especially 1446(d) is applicable to all Bankruptcy removals under 28 U.S.C. §1334 and FRBP 9027, (see reply at \*2).

The advisory committee notes in FRBP 9027 especially the 1983 notes, clearly state that congress modeled 9027 around and after §1446, and specifically §1446(d) with the noted exceptions carved out in 9027, this is common with the fact that congress did not create the Bankruptcy removal statutes to exclude them from the ordinary removal procedures including §1446 and §1447, and the case law points to this principle.

This was clearly established by the Supreme court in *Mitchum v. Foster 8212 27, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) see at \*fn 12,* the court held that the stay of 1446(d) applies to §1334 as well.

This is also common sense, if a State Court was to maintain jurisdiction in a Bankruptcy removal after such removal and before a remand, then the basic purpose of

13

9027(c) would be obviated, for what purpose would the stay of 9027(c) serve if the State Court may act and one party may cause wreak havoc as in the instant case.  See *In re Si Yeon Park, Ltd., 198 B.R. 956, 966, (Bankr.C.D.Cal., 1996)* for this proposition and that the Court may also enjoin state court proceedings after removal if required, as the statute implies a stay.[1]

On the other hand, 9027(c) implies a statutory injunction on the parties expressly forbidding expressly forbidding and enjoining the parties from taking any further action in State Court unless and until a remand is mailed to the State court, see *IN RE EYECARE OF SO. CALIFORNIA, 258 B.R. 765, 768 (Bankr.C.D.Cal., 2001).*  This is similar to the automatic stay of 28 U.S.C. §1446(d), against the State court, but takes the removal procedure a step further than ordinary removals, to enjoin the parties from acting in addition to the state court.

This stay serves many purposes, among which may be to protect the administration of the bankruptcy process and the debtors rights and estate, however, even more so is the fact that this acts as a two way street sometimes detrimental to one party. Where the stay acts to protect the Bankruptcy process, it also can cause problems for a debtor who finds him/her at the mercy of a party who ignores the rules and violates the stay, and the removing party or debtor is then found without adequate remedy at law unless the court intervenes.

In this instant case, while plaintiff conviniently chose to proceed at his own cost and risk ignoring the legalities, he also did it at the expense and detriment of defendant,

---

[1]    See also *In re Blaylock, 394 B.R. 359 (Bankr. E.D. Pa., 2008) at *fn 13*, and  *Smith v. R & H Leasing, Inc., 867 F.2d 613 (9th Cir., 1989)*, applying §1446 to FRBP 9027, similarly see *In re Hudson Oil Co., Inc., 68 B.R. 735, 737 (D. Kan., 1986)*;  and  *Allen County Bank and Trust Co. v. Valvmatic Intern., 51 BR 578, 581 (N.D. Ind., 1985)*, applying 1446 generally to 9027.

because while plaintiff is able to move and act at his whim in the removed proceeding, defendant was and still is unable to seek any remedy, be it filing the notice of appeal in NY appeals court, be it a motion to renew or reargue or reconsider, or any other available remedies in state court, due to the express stay enjoining defendant, and as defendant has kept advising opposing counsel Ms. Maurer as well as the court multiple times to no avail.

### THE FRAUD AND MOCKERY

While plaintiff and his counsel have been urging the State court to proceed, relying on a misleading falsity, telling the court that nothing was on in Federal court, counsel had proceeded both in this action as well as in the Bankruptcy court seeking a remand proceeding, and while the Bankruptcy court may not even have jurisdiction to hold such proceeding due to the appeal and lack of jurisdiction on any proceedings related or resulting from the main case, even if frim its dismissal, and in light of the lack of an exrpress rentention of jurisdiction on the dismissal order, which only this court may issue once appeal is pending, the Bankruptcy court nonetheless stayed proceeding pending this action.

Counsel still oblivious to the hipocrisy and clear contradictory positions taken in the Federal courts and the State courts, have not backtracked, but rather kept mounting pressure and making threats to continue with even harsher proceedings, despite having been presented with their stark contradiction, it was as if this court, the Bankruptcy court and defendant did not exist.

This was despite the fact that just on July 23, 2015 a few days after the two orders from the state court issued, defendant received an email from counsel that the Bankruptcy court adjourned the remand proceeding to October 26, 2015, counsel confirmed this in a letter to the Bankruptcy court, which defendant did not receive and was found later on the docket.

The absurdity of plaintiffs proceeding in both the remand proceeding or this action, as well as having defendant continue participating and continuing in both, is so self evident, in addition to the fact that defendant finds no explainable fact as to why or what both counsel and plaintiff are thinking, as they are fooling both the court and defendant, by acting as if the state court is proceeding anyway no matter what the outcome in the proceedings in the federal courts may be even if just a remand, while simultaneously acting as though the case is still removed in the federal courts seeking a determination one way or another.

The best explanation apart from bad faith, abuse of process and tormenting defendant is "plain and simple ignorance" which if true amounts to nothing more than sanctionable conduct in and of itself, because counsel has been well aware of all events, and has chosen to act in this most oblivious way despite defendant making noise at every turn, be it in State court or in the federal courts.

Last but not least, defenandant has been very stressed over the last year over numerous events and litigation, and while defendant and her co-plaintiffs on the Rico action 14-cv-3028 have previously proposed to file their final proposed amendment motion and oppsotion in that action, having been delayed again and again by both defendant's father's health as well as the tormenting events which have plagued defendant and her family assisting her with the litigation, this conduct and the latest events since this past early July, have now further prejudiced defendant and her co-plaintiffs in that action.

Matter of fact, defendant was in the last month under even more stress from the most recent turn of events, and while having to prepare her related appeal in 14-cv-6808, was unable to articulate issues and cite relevant case law and arguments as planned due to

the torment going on.  It is hard enough without all the added stress, but in light of the stress defendant and her family are unable to function, and it is believed that it is plaintiffs goal to frustrate and impede defandant and her family memebrs ability to conduct litigation, and cause maximum stress.

## II.  PRELIMINARY INJUNCTION AND TEMPORARY RESTARINING ORDER

### NATURE OF RELIEF

It is expected that should the court issue an immediate order declaring the State Orders null and void ab initio, that defendant and his counsel will not act any further on those orders, and may be sufficient for now, and may avoid the need for a preliminary injunction.

However, if for any reason the court is not inclined to issue such an order, defendant seeks to obtain a preliminary injunction, to restrain defendant and his counsel from acting upon those orders or from proceeding in State Court unless and until a remand is received by the state court.

### STATUTORY INJUNCTION IN AID OF REMOVAL AND JURISDICTION

There is a common difference between a statutory and an ordinary action for a preliminary injunction, in an action for a preliminary injunction the court must test the balance of the factors, while on a request for a stautory injunction, i.e. one where the statute implies one/. An example is the automatic stay under the Bankruptcy code which is deemed to be a statutory injunction.  the court need not test the balance of the standard prongs, a court need only consider if the violation has a liklihood chance of being repeated, *Commodity Futures Trading Commission v. British American Commodity Options, 560 F.2d 135, 141 (2nd Cir., 1977).*

The second circuit also held that on a stautory injunction a court has an obligation to enjoin the unlawful activity and all a party is required to show is that there is a likelihood of the violation being repeated, or the violation has been wilful, *Securities & Exchange Com'n v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1011 (2nd Cir., 1972).* See also *U.S. S.E.C. v. Blackwell, 477 F.Supp.2d 891, 910 (S.D. Ohio, 2007).*

The seventh circuit sets out the test for a likelihood chance of future violations, *S.E.C. v. Holschuh, 694 F.2d 130, 144 (7th Cir., 1982).*

Applying this to the removal statutes, 28 U.S.C. §1446(d) and F.R.B.P. 9027 contains inherent automatic stays, *see Vendetti v. Schuster, 242 F.Supp. 746, 751 (E.D. Pa., 1965)*, the court explained that the removal statute acts as an automatic statutory injunction, and this is akin to a bankruptcy automatic stay.

In a case most analogus to the instant case, the court *in Schrantz v. HSBC Bank USA* (2:11-cv-699) July 5, 2011, at *8, *(D. Nev., 2011)[2]* granted a pro se party an emergency motion for a stay to enjoin derivative state court proceedings, based upon the statutory injunction of the removal statute, without apperantly considering the prongs for a preliminary injunction, stating that the violating non-moving party had proceeded in state court to subverted the federal court's jurisdiction.

In that case the plaintiff filed a wrongful foreclosure action in State court against HSBC Bank and also sought an injunction against HSBC taking posession of the property, HSBC then timely removed the case to the Federal District court and shortly thereafter filed a motion to dismiss, but within seven days of the motion to dismiss HSBC also filed a derivative action to evict plaintiff.  Plaintiff in response filed a motion for an emergency stay, the motion was a one

---

[2] Defendant apologizes in not citing the proper electronic cite, defendant could not get timely access.

page – eight line motion, containing no law and no legal grounds for the motion, just a simple request to stay the eviction proceedings pending the outcome of the removed action.

HSBC opposed that plaintiff had not passed upon showing any oof the prongs for a preliminary injunction, let alone a balance of the factors, and is therefore not eligible for the relief.

The court relying on the wilful nature of HSBC acting to subvert the courts jurisdiction stayed the eviction action, the court reasoned it need not pass upon the prongs as in a formal prelliminary injunction, and relied instead on the inherent statutory injunction of the removal statute. It is worth noting that although there was no remand or removal issues inherent in that case as is in the instant case, this shall not matter for the purposes of the statutory injunction.

It is self evident that this principle is even stronger under the removal statutes to authorize enjoining the state or the parties on the actual removed proceeding, this has been held in the eight circuit where the court cited the Supreme Court as well as other circuits holding same, see *Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc., 77 F.3d 1063, 1069 (C.A.8 (Mo.), 1996).*

## PLAINTIFFS ARGUMENT OF MOOTNESS

## INJUNCTION MUST ISSUE

Apart from any other argument, plaintiffs arguments are centered around the notion that because the defendants main bankruptcy case was dismissed the related case became moot, and acted as a remand, (see ECF # 13, attachment of affirmation of plaintiffs counsel). As defendant pointed out briefly in her reply in suppport of the motion to withdraw (ECF #15), absent a remand proceeding, an order of remand entered, certified and mailed to the state court, the state

court remains without jurisdiction, plaintiff has been maintaining this position for months and months but has not provided a single valid argument in support.

In a case most analogus in *Allstate Ins. Co. v. Preston, 842 F.Supp. 1441, 1443 (S.D. Fla., 1992)* the court denied an injunction to enjoin the state court proceedings under the AIA (Anti Injunction Act 28 U.S.C. §2283). In that case Allstate's had removed the action to the District court, the plaintiff filed a motion for remand and Alsstate filed a motion to dismiss, the court dimissed the action, but never issued a remand order. The plaintiff then motioned the state court in the original action for leave to amend their complaint, Allstate again shought disimissal now in state court but was denied. After the denial, Allstate petitioned the District court for an injunction to enjoin the state court based upon the AIA exceptions.

The court agreed with Allstate that under the removal statutes the two exceptions applied, the court also agreed that when no remand had issued, the state court was without jurisdiction and it was improper to proceed in that action without a remand, even though the court dismissed the action, but the court nonetheless declined to grant the injunction stating that Allstate had not passed on the test in balancing the factors, see id at *1445.

The court alse agreed that in such a case where the merits are not the underlying issues in the removed action but rather the claim that the state court was without jurisdiction, the moving party has passed on the prong of likelihood chance of succeeding.

Notwithstanding, as defendant cited previously, other courts have indeed enjoined state proceedings without testing the prongs for an injunction based upon the statutory

automatic injunction, however, defendant submits that this case is different for a number of reasons:

1) in the instant case there has been no dismissal and certainly no order ever entered, and despite the court having based the mootness upon the main case dismissal, this is a crucial difference.

2) even if one would argue that the main dismissal is what counts due to the relatedness, courts in this circuit have clearly held that a dismissal of a bankruptcy case in and of itself does not automatically moot or remand a related removal, nor does a court have to do so, and a court may choose to retain the case. Although the court has not chosen to do so, it also has not issued an order to the contrary.

3) the main case was appealed and is still pending on appeal, as such the main case is still active, and the related removed case is also pending this action, while defendant submits the appeal in and of itself has a likelihood chance of suceeding on appeal. Similarly, the motion to withdraw with or without the appeal, also has a likelihood chance of suceeding, whether to be withdrawn in this court or to remain in Bankruptcy court should the main case be reinstated on appeal, thereby mooting out plaintiffs argument.

Notwithstanding, in the instant case where plaintiff requested a motion to remand proceeding, the court must enjoin the state proceeding or it cannot hold a remand proceeding, similarly, the court must enjoin the state proceeding in order to continue this motion to withdraw action. The reason being, the removal statute divests the State court of jurisdiction upon removal, and revests the state court with jursidiction upon a remand

21

when the federal simultaneously gives up same, the absence of an express remand order leaves jurisdiction only with the federal court.

Since plaintiff has caused the state court to proceed, and continues seeking same, it he must either admit that only the state court has jurisdiction at this point, mooting most all proceedings in this court, including to a great extent the appeal itself, or plaintiff must admit that only the federal court has jurisdiction, in other words after removal procedure is fully completed no two courts may have jurisdiction. Although there is some discussion in this circuit regarding a simultaneous jurisdiction taking place after a remand is entered but pending the mailing to be sent to or received by the state, the majority of courts disagree, and be it as it may, it has not happened here.

4) in this case plaintiff has willfully subverted the jurisdiction of the federal court, and continues to threathen doing so. This applies to all three proceedings, the appeal, the remand, and the withdrawal.

5) in the instant case where the removal is under the Bankruptcy statutes, and pursuant to FRBP 9027, the 9027(c) automatic stay against the parties requires that an injunction be issued to enforce the stay at a minimum against the parties. Otherwise allowing palintiff to ignore the automatic stay and proceed in state court while defendant is bound to the stay, tips the balance fully against defendant, and will be a manifest injustice. Neither can this be cured by the court lifting the stay, (even if this was remotely possible) doing so while somehow would be a revesting of jurisdiction with the state court, will also be divesting the federal court from same, mooting all proceedings at once.

6) in the instant case defendant both shows a likelihood of success let alone a serious question going to the merits, irreppable harm, inadequate remedy, and a balance of hardship,

Defendant will now turn to address these issues but will briefly adress the AIA issue as well as the other modes of relief.

## THE ANTI INJUNCTION ACT

The AIA - 28 U.S.C. §2283 contains three exceptions allowing to enjoin a state court proceeding, of those the first two apply here, 1) where congress statutorily authorized to enjoin, 2) to aid the court in its jurisdiction.

As previously set forth, both exceptions are abundantly evident in this case, congress has authorized in the removal statutes an automatic stay, and a stay being necessary to aid the court in its jurisdiction, otherwise all proceedings will be moot, the court's time will be wasted in futility, and an absolute mockery made of the courts.

As the court held in *Ackerman v. Exxonmobil Corp., 734 F.3d 237, 250 (4th Cir., 2013)* stated, "A federal statute expressly authorizes an injunction of state-court proceedings when the statute creates "a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 237, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Section 1446(d), with its "proceed no further" directive, has generally been understood to expressly authorize injunctions of state courts ignoring that directive".    See also *Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254-55 (11th Cir., 1988)*

## STANDARD FOR PRELIMINARY INJUNCTION, BOND

## EXCEPTIONS

Although defendant already presented elsewhere in this brief that she is entitled to a stay either against the parties alone or also against the state from proceeding, and without having to pass on the prongs, as the court may simply issue an order to enforce the automatic stay of FRBP 9027(c) and/or §1446(d), notwithstanding, defendant will address the standard nonetheless.

It is worth noting though that requiring a party to meet the standard of a preliminary injunction be contrary to congress intention of the FRBP 9027(c) clause, and would work against common sense. FRBP 9027(c) carved out two exceptions in contrast to the ordinary removal statutes, one, not requiring a bond on the removal, two the automatic stay on the parties. A party could simply sidestep the two, when upon a removal, as the non-removing party he may proceed to act in the state court. When the removing party would then be forced to seek enforcement of the automatic stay, the opposing party would demand that the standard be met, as well as a security bond, doing so would simply make the exceptions completely moot.

Additionally, an order to enforce the stautory stay would be deemed ministerial act rather than a drastic remedy as a preliminary injuction, and defendant should be entitled to same. A party should not have to pass upon a formal prelliminary injunction, as for otherwise the statutory exceptions of FRBP 9027(c) would become inoperable.

The court held that an injunction may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. *Atlantic Coast Line Railroad*

*Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)*, this certainly applies to the instant case.

Last not least, the aforesaid automatic stays under the removal statutes are automatic and given as of right, as congress gave no conditions when it would apply, rather they always apply, and a court has no discretion to order it or not, it is simply triggered with a removal. Moreover, a preliminary injunction is a discretionary act when sitting as a court of equity, while the removal statutes are automatic and not discretionary. As the court in *Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)* stated "A preliminary injunction is an extraordinary remedy never awarded as of right." This naturally creates a conflict with the statutory automatic injunction of the removal statutes, and the standard of a preliminary and discretionary injunction does not therefore apply.

Indeed, allowing a party or state court to proceed in spite of the 9027(c) stay, is not only violating a party's right, but the state court is actually forcing the prejudiced party to violate the stay, and the parties are not a liberty to violate such a stay without a remand, enforcement therefore should be given when the circumstances reuqire.

Th is all in addition to the other exceptions mentioned elsewhere in this memorandum, such as the wilful conduct of a violating party, a party subverting the jurisdiction of the court, when it serves public policy, and all other possible scenarios, such as the court's inherent powers, notwithstanding, defendant has cited numerous arguments and authorities under other headings in this memorandum in support of the exceptions to the standard, and will now turn to the factors, should the court still wishes to consider it.

## STANDARD

The court in *Golden Krust Patties, Inc. v. Bullock, 957 F. Supp. 2d 186, 192-194, (E.D.N.Y., 2013)* discusses the various standards in the second Circuit post *Winter*. In *Winter 555 U.S. at 20, 129 S.Ct. 365,* the court required, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

Notwithstanding, the Second Circuit has continued to allow parties to obtain a preliminary injunction either through: (1) "a likelihood of success on the merits"; or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 242 (2d Cir.2009); Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir.2009).* The Second Circuit also requires a "likelihood of irreparable injury" to the movant, but does not require any consideration of the public interest as part of the preliminary injunction standard. *Zino Davidoff SA,* 571 F.3d at 242.

To satisfy the irreparable harm requirement, [movants] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.' " *Faiveley Transp.,* 559 F.3d at 118.

Defendant submits that in seeking the injunction it is only to preserve the status quo. Additionally, defendant is without a remedy, as the 9027(c) prohhibits defendant from seeking any remedy in State court, not even filing an appeal in State court, should defendant lose her house now, she would be homeless and unable to find aother house. Defendant has due to the

events related from the removed action, as well as from the events leading up to and which were also directly caused by plaintiff, lost all her credit and cannot under any possible circumstances even rent a house.

This is despite the torment, liberty, and loss of proper contact with her children which would most likely result immediatley.  Defendant instead of being able to reorganize through the Bankruptcy court, will be living under extreme conditions, now that plaintiff has also managed to stop her support arrears, and give defendants disability being deaf, this would prove to be a near death sentence.

This is in addition to defendant being able to get support in her current community, having to move now without being able apart from all else, will cause defendant to be without support be it material or financial, and will affect defendants survival.

This is not a situation where it may later be cured by an award of damages, where a drastic change in the current situation and without the Bankruptcy protection would severely and adversley impact defendant and her health, and defendant may reach a tipping point unable to recover at least in the forseable future. This would  adversely affect her emotional and mental state already in jeoperdy, apart from the adverse impact on her relation with her children and family this will cause, no money can rectify this.

On the other hand, plaintiff although he claimed that defendant was at fault for the mortgage issues, is simply untrue. Plaintiff has planned this victimization, a continuation of an overall scheme to degrade, disintegrate and sestroy defendant's life, her family relations, her financial future and he health.

While defendant had no funds to pay for the mortgage, and has already spent hundreds of thousand of dollars in litigation fees, repeatedly sought the Bankruptcy protection to be able to

survive and reorganize, however despite defendant's ability to halt foreclosure through the Bankruptcy court, and despite the planned original sale not having been scheduled for another three years, plaintiff deliberately sought to stop all means of defendant to be able to save the house.

This is despite defendant maintaining that while she is a joint mortgagee, that it is not her sole responsibility and moreover it is rather plaintiff's for reasons beyond this brief, nonetheless defendant in order to be able to get the courts protection and save the house, she offered to pay the mortgage on the bankruptcy plan, as for otherwise the house would not be protected, nonetheless plaintiff deliberately calculated to ascertain that the house would be defaulted so as to force a forclosure, to use it as a mask and means to further terrorize defendant.

Defendant will not delve into the issues of the state order, however should plaintiff raise these issues, defendant is prepared to present to the court a grand scheme of plaintiffs clear and unequicvocal fraud, including within the removed proceeding.

As a matter of public policy, it is submitted that, being deprived of due process in numerous ways by plaintiff, allowing the fraud to continue, allowing the state court to proceed without jurisdiction, and lettning plaintiff make a mockery of the courts, is indeed a matter of public policy.

As for the merits and a lielihood chance of suceeding, defendant submits that not only does she have a likelihood of sucess on the merits, but that it is overwhelmingly so.  As the state court has absolutely no jursidiction, and the likelihood or at least serious question going to the merits of her appeal, the motion to withdraw, the balance tips in her favor.

Similarly, plaintiff would not be harmed any more in ppreserving the status quo, as he can always, 1) there has yet been no forclosure notice issued even on the house, and even if there

was one, defendant can move for a stay pending appeal and if reinstated can protect the house

accordingly, 2) plaintiff may get back his share of whatever liability may be adjudicated later on

defendants part, as part of the mortgage liabilities, Unless of course plaintiff continues to

hamper defendants eligibility for Bankruptcy protection, proving his ulterior motive.

### BOND

The District Court is vested with wide discretion in the matter of security and the court

may require no bond where there has been no proof of likelihood of harm, or where the

injunctive order was issued to aid and preserve the court's jurisdiction over the subject matter

involved. Under Fed.R.Civ.P. §65(c), the amount of any bond to be given upon the issuance of a

preliminary injunction rests within the sound discretion of the trial court, the district court may

dispense with the filing of a bond *Doctor's Associates, Inc. v. Stuart, 85 F.3d 975, 985 (2nd Cir.,*

*1996).*

See *Eastman Kodak Co. v. Collins Ink Corp., 821 F.Supp.2d 582, 590 (W.D.N.Y.2011),*

no bond required where court finds it very likely that the moving party will prevail on the merits

of its claim; *N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F.Supp.2d 305, 345*

*(S.D.N.Y.2010),* no bond required where the likelihood of moving party's success on the merits

is overwhelming.

### OTHER RELIEF

The District Court under the all writs act 28 U.S.C. §1651 as well as under 11 U.S.C.

§105 has the inherent authority and may issue any order to aid in both its jurisdiction, to avoid an

abuse of process, to protect the integrity of the court, among others.

Under the Anti–Injunction Act, the "in aid of jurisdiction" exception applies "where the effect of [a state court proceeding] would be to defeat or impair the jurisdiction of the federal court, *Wyly v. Weiss, 697 F.3d 131, 138 (2nd Cir., 2012).*

The court may issue any order necessary but not encompassed in the all writs act, 11 U.S.C. §105 is an onmnibus provision and allows the court to issue orders necessary to retain its jurisdiction in Bankruptcy related matters, *In re Casse v. Key Bank Nat'l Ass'n, 198 F.3d 327, 336 (2nd Cir., 1998).*

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the court issue an order declaring the orders issued by the state court in the removed proceeding and in absence of jurisdiction as void ab initio. And for a stay or preliminary injunction enjoining plaintiff and his counsel and any person or entity acting together or in concert from executing or enforcing the void state court orders, and from proceeding against defendant in state court in the removed action unless and until a remand is issued and mailed to the state court, and with a temporary restraining order until a preliminary injunction, stay or similar order can be issued, and for such other and different relief the court deems just and proper.

Dated:    August 6, 2015
          Brooklyn, New York

S/

FEIGE ZARETSKY
Defendant/Appellant Pro Se
c/o 1909 New York Avenue
Brooklyn, NY, 11210
Tel:  347-254-3532
Fax: 347-521-2037